**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **CLAUDE LEROY CARTER, JR.,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. CIV-26-2079-J** |
| | ) | |
| **STEVEN GOLAY, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

**REPORT AND RECOMMENDATION**

Plaintiff Claude Leroy Carter, Jr., a pretrial detainee proceeding pro se, brings this action pursuant to 42 U.S.C. § 1983 alleging violations of his civil rights ("Complaint").[1] Doc. 1. United States District Judge Bernard M. Jones, II, referred this matter to the undersigned Magistrate Judge in accordance with 28 U.S.C. § 636(b)(1)(B)-(C). For the reasons set forth below, the undersigned recommends that the Court dismiss without prejudice Plaintiff's claims for equitable relief and stay Plaintiff's claims for monetary damages.

## I. Plaintiff's Claims

Plaintiff is a pretrial detainee at the Oklahoma County Jail and charged in a felony case pending in the District Court of Oklahoma County, Oklahoma. *See* Doc. 1 at 3-4.[2] He brings two claims against seven Defendants:

---

[1] Plaintiff cites "1871" as an additional jurisdictional statute. Doc. 1 at 2. The undersigned is unable to determine a relevant jurisdictional statute.

[2] *See State v. Carter*, Case No. CF-2024-4249, District Court of Oklahoma County, *at* https://www.oscn.net. The undersigned takes judicial notice of the docket in Plaintiff's

- Claim I: Plaintiff asserts a violation of his Fourth Amendment rights based on allegations that Defendant Steven Golay, an Oklahoma City police officer, knowingly submitted a defective affidavit for a search warrant that Defendant Jason Glidewell, an Oklahoma County Special Judge, authorized. Plaintiff alleges the search warrant was executed by Oklahoma City police officers Defendant Golay, Defendant Bailey Hawkins, Defendant Tyler Harman, and Defendant Cooper Treadaway, who used tactical gear, failed to use body cameras, and waited only a few seconds between knocking and announcing before breaking through the door. Plaintiff alleges Defendant Vicki Zemp Behenna, Oklahoma County District Attorney, and Defendant Clayton Niemeyer, Oklahoma County Assistant District Attorney, knowingly filed charges against Plaintiff based on the defective affidavit. *Id.* at 6-7, 11-13.

- Claim II: Plaintiff asserts violations of his Fourteenth Amendment rights to due process and equal protection based on substantially the same allegations set forth above. *Id.* at 7-8, 14-17.

Plaintiff sues each Defendant in both their individual and official capacities. *Id.* at 4, 9-10. He also seeks equitable and monetary relief for both claims. *Id.* at 7-8, 14, 17.

## II. Screening

When a pretrial detainee seeks relief against a governmental entity or an officer or employee of a governmental entity, the Court must screen the complaint and dismiss any part that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant immune from such relief. 28 U.S.C. § 1915A(a)-(c).

---

state criminal case. *See United States v. Ahidley*, 486 F.3d 1184, 1192 n.5 (10th Cir. 2007) (noting a court "may exercise [its] discretion to take judicial notice of publicly-filed records in [this] court and certain other courts concerning matters that bear directly upon the disposition of the case at hand").

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). In evaluating whether a complaint adequately states a claim, the Court must "accept all well-pleaded allegations as true and construe them in the light most favorable to the plaintiff." *Requena v. Roberts*, 893 F.3d 1195, 1204-05 (10th Cir. 2018) (citation modified) (discussing standard of review for failure to state a claim under § 1915A(b)(1)). "A complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation modified) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*.

"A pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). The Court will not, however, provide a plaintiff with arguments or act as his advocate. *Id.*

## III. <u>Analysis</u>

### A. The *Younger* abstention doctrine

#### 1. The *Younger* doctrine requires abstention

Because Plaintiff's criminal prosecution is pending in the District Court of Oklahoma County, the *Younger* abstention doctrine dictates this Court should abstain from

exercising jurisdiction over the Complaint. *See Younger v. Harris*, 401 U.S. 37 (1971). Under the *Younger* doctrine, a federal court should abstain from exercising jurisdiction when three conditions are met:

> First, there must be ongoing state criminal . . . proceedings. Second, the state court must offer an adequate forum to hear the federal plaintiff's claims from the federal lawsuit. Third, the state proceeding must involve important state interests, matters which traditionally look to state law for their resolution or implicate separately articulated state policies.

*Taylor v. Jaquez*, 126 F.3d 1294, 1297 (10th Cir. 1997). "*Younger* abstention is non-discretionary; it must be invoked once the three conditions are met, absent extraordinary circumstances." *Amanatullah v. Colo. Bd. of Med. Exam'rs*, 187 F.3d 1160, 1163 (10th Cir. 1999). The Court "may raise the issue of abstention sua sponte." *D.A. Osguthorpe Family P'ship v. ASC Utah, Inc.*, 705 F.3d 1223, 1231 (10th Cir. 2013).

Here, all three conditions for *Younger* abstention have been met. First, Plaintiff is a pretrial detainee and online records show that Plaintiff's state-court criminal case is ongoing.

Second, Plaintiff "has not shown that the state court is not an adequate forum to hear his constitutional challenges." *Chapman v. Oklahoma*, 472 F.3d 747, 749 (10th Cir. 2006); *see also Perez v. Ledesma*, 401 U.S. 82, 84 (1971) ("The propriety of arrests and the admissibility of evidence in state criminal prosecutions are ordinarily matters to be resolved by state tribunals."); *Buck v. Myers*, 244 F. App'x 193, 198 (10th Cir. 2007) (affirming application of the *Younger* abstention doctrine to the plaintiff's claims alleging illegal search and seizure and improper criminal charges, when a state-court criminal proceeding was pending). Indeed, "typically, a plaintiff has an adequate opportunity to

raise federal claims in state court unless state law clearly bars the interposition of the federal statutory and constitutional claims." *Crown Point I, LLC v. Intermountain Rural Elec. Ass'n*, 319 F.3d 1211, 1215 (10th Cir. 2003) (citation modified).[3] And here, Plaintiff is currently seeking pretrial relief in the Oklahoma County district court, with a hearing on his Motion to Quash Search Warrant and Suppress Evidence Resulting from Search Warrant set for September 21, 2026.[4]

Third, "the State of Oklahoma necessarily has an important interest in prosecuting crimes that have allegedly occurred within its jurisdiction." *Long v. City of Lawton*, No. CIV-23-1053-SLP, 2024 WL 2148747, at *4 (W.D. Okla. Jan. 17, 2024) (citing *In re Troft*, 488 F.3d 1237, 1240 (10th Cir. 2007) (recognizing that "state control over criminal justice" is "a lynchpin in the unique balance of interests" of federalism)) (R&R), *adopted*, 2024 WL 2140343 (W.D. Okla. May 13, 2024); *see also Wilson v. Morrissey*, 527 F. App'x 742, 744 (10th Cir. 2013) ("We have long recognized that the prosecution of crimes occurring within its jurisdiction is an important state interest." (citation modified)).

---

[3] The Oklahoma Court of Criminal Appeals may also "entertain certain extraordinary writs which arise out of criminal matters." Rule 10.1(A), *Rules of the Okla. Ct. Crim. Appl*, Okla. Stat. tit. 22, Ch. 18, App. Additionally, if convicted, Plaintiff can raise federal constitutional claims via direct appeal and apply for post-conviction relief. Okla. Stat. tit. 22, §§ 1051, 1080.

[4] *See State v. Carter*, Case No. CF-2024-4249, District Court of Oklahoma County, *at* https://www.oscn.net/dockets/GetCaseInformation.aspx?db=oklahoma&number=CF-2024-4249&cmid=4352153 (last visited Sept. 11, 2026).

### 2. Plaintiff has not demonstrated an exception to the *Younger* abstention doctrine

When the three *Younger* criteria are met, a narrow exception applies "only in cases of proven harassment or prosecutions undertaken by state officials in bad faith without hope of obtaining a valid conviction and perhaps in other extraordinary circumstances where irreparable injury can be shown." *Perez*, 401 U.S. at 85. Plaintiff, however, has not demonstrated an exception to the *Younger* abstention doctrine.

A plaintiff has a "heavy burden" to overcome abstention under *Younger* and "mere allegations of bad faith or harassment" will not suffice to demonstrate an exception to the doctrine. *Phelps v. Hamilton*, 122 F.3d 885, 889 (10th Cir. 1997) (citation modified). Plaintiff alleges "illegal arrest and false imprisonment" because the affidavit for the search warrant (that led to the search that led to the criminal charges) was "defective" with "no physical evidence, no confidential informant control buy, no audio and/or video camera footage, no veracity, reliability, or basis of knowledge of alleged tip, no nexus between criminal activity and the [target] residence to support the probable cause for search warrant affidavit." Doc. 1 at 12. But such allegations do not demonstrate proven harassment or that his prosecution is being undertaken in bad faith.

### 3. Conclusion

Because the three conditions requiring abstention under *Younger* exist here and Plaintiff has not shown an exception applies, abstention is "non-discretionary" and the Court "is required to abstain" from hearing Plaintiff's claims. *Chapman*, 472 F.3d at 749 (citation modified).

Under the *Younger* abstention doctrine, claims for equitable relief "are subject to outright dismissal." *Graff v. Aberdeen Enterprizes, II, Inc.*, 65 F.4th 500, 523 (10th Cir. 2023). Plaintiff's claims for equitable relief should, therefore, be dismissed without prejudice. And though "the *Younger* doctrine extends to federal claims for monetary relief when a judgment for the plaintiff would have preclusive effects on a pending state-court proceeding," the appropriate course for such claims is "staying proceedings on the federal damages claim until the state proceeding is final." *D.L. v. Unified Sch. Dist. No. 497*, 392 F.3d 1223, 1228 (10th Cir. 2004); *accord Graff*, 65 F.4th at 523; *see also Davis v. Okla. Highway Patrol*, No. CIV-25-671-D, 2025 WL 2978454, at *3 (W.D. Okla. Oct. 22, 2025) (applying *Younger* and staying claims against defendant in his individual capacity for monetary damages until the resolution of the plaintiff's state criminal proceeding); *Chennault v. Jackson Cnty. Jail*, No. CIV-25-487-SLP, 2025 WL 2710576, at *2 (W.D. Okla. Sept. 23, 2025) (applying *Younger* and dismissing claims for equitable relief while staying claims for monetary relief). Accordingly, under the *Younger* doctrine, Plaintiff's claims for monetary damages should be stayed.

## IV. Recommendation and Notice of Right to Object

For the foregoing reasons, the undersigned recommends that the Court **DISMISS without prejudice** Plaintiff's claims for equitable relief and **STAY** Plaintiff's claims for monetary damages until resolution of his state criminal proceeding. Plaintiff is advised of his right to object to this Report and Recommendation. *See* 28 U.S.C. § 636. Any objection must be filed with the Clerk of Court not later than **October 2, 2026**. *See id.* § 636(b)(1); Fed. R. Civ. P. 72(b)(2). Failure to object timely waives the right to appellate review of

the factual and legal issues addressed in this Report and Recommendation. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

This Report and Recommendation does not dispose of all issues referred to the undersigned Magistrate Judge in this matter.

**ENTERED** this 11th day of September, 2026.

Chris M. Stephens
______________________________
CHRIS M. STEPHENS
UNITED STATES MAGISTRATE JUDGE