**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| CLAUDE LEROY CARTER, JR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CIV-26-2079-J |
| | ) | |
| STEVEN GOLAY, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

Plaintiff, a state pretrial detainee proceeding pro se, filed a Complaint under 42 U.S.C. § 1983, alleging violations of his constitutional rights. [Doc. No. 1]. The matter was referred for initial proceedings to United States Magistrate Judge Chris M. Stephens consistent with 28 U.S.C. § 636(b)(1)(B)–(C). Judge Stephens screened the Complaint and issued a Report and Recommendation recommending that the Court: (1) dismiss Plaintiff's claims for equitable relief without prejudice under the *Younger* abstention doctrine; and (2) stay Plaintiff's claims for monetary damages pending the resolution of his state criminal proceeding, *State v. Carter*, Case No. CF-2024-4249, District Court of Oklahoma County, Oklahoma. [Doc. No. 5]. Plaintiff did not object by his October 2, 2026 deadline and has therefore waived his right to appellate review of the factual and legal issues addressed in the Report and Recommendation. *See Casanova v. Ulibarri*, 595 F.3d 1120, 1123 (10th Cir. 2010).

On review, the Court agrees that the *Younger* abstention doctrine applies in this case. *See Amanatullah v. Colo. Bd. of Med. Exam'rs*, 187 F.3d 1160, 1163 (10th Cir. 1999) ("*Younger* abstention is non-discretionary; it must be invoked once the three conditions are met, absent extraordinary circumstances."). Accordingly, the Report and Recommendation [Doc. No. 5] is ADOPTED in its entirety. Plaintiff's claims for equitable relief are DISMISSED WITHOUT

PREJUDICE. Plaintiff's claims for monetary relief are STAYED pending the final conclusion of Plaintiff's related state-court criminal proceeding. An appropriate Administrative Closing Order will enter.

IT IS SO ORDERED this 13th day of October, 2026.

BERNARD M. JONES, II
UNITED STATES DISTRICT JUDGE